EL MUNICIPIO DE SAN SEBASTIÁN, demandante y apelado, *v.* EULOGIO TRUJILLO, demandado y apelante.

No. 4184.—*Sometido:* Junio 21, 1927. *Resuelto:* Abril 3, 1929.

*Buenaventura Esteves,* abogado del apelante; *Eduardo Negrón Benítez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El Municipio de San Sebastián presentó en la Corte de Distrito de Aguadilla una petición de *injunction* para que se prohibiese a Eulogio Trujillo que continuase la fabricación que estaba haciendo de una casa, alegando con tal fin que de acuerdo con la ley municipal tiene facultades legislativas y administrativas en todo cuanto que se relacionase con los ramos de obras, orden, seguridad pública, higiene y reglamentación de construcciones: que según sus ordenanzas ninguna persona podrá construir edificio u obra de cualquiera clase sin la previa autorización de la Asamblea Municipal y que en toda construcción que se haga en la zona urbana del

municipio deberá dejarse a cada lado del solar y dentro de los límites de éste un espacio libre de no menos de dos metros, con excepción del lado del frente en la parte correspondiente a la fachada que da a la calle, espacio libre que deberá ser uniforme en toda su longitud: que Eulogio Trujillo solicitó permiso de la Asamblea Municipal para construir una casa de maderas en un solar de su propiedad radicada en la zona urbana del municipio y le fué concedido condicionalmente, o sea dejando dos metros de callejón a cada lado de su solar de acuerdo con la ordenanza, debiendo modificar sus planos con tal fin: que Eulogio Trujillo ha empezado la construcción de su casa sin dejar el espacio libre requerido por la ordenanza y a pesar de las advertencias que se le han hecho para que la cumpliera: y que su conducta causa daños y perjuicios al interés público en general puesto que los edificios demasiado cerca los unos a los otros constituyen un peligro para la salud pública y en casos de incendio no habría la debida protección de personas y propiedades en un pueblo que carece de acueducto. La Corte de Distrito expidió un *injunction* provisional y después de haber oído las pruebas de las partes dictó sentencia decretando el *injunction* perpetuo solicitado, contra cuyo fallo interpuso el demandado este recurso de apelación.

Después de vista esta apelación presentó el apelado moción para que la desestimemos por ser académica su resolución toda vez que ha sido derogada la ordenanza en que se funda, según la certificación que presentó, y la parte apelante se opuso. No accederemos a la moción del apelado porque como la desestimación produce el efecto de quedar firme la sentencia apelada, según el artículo 304 del Código de Enjuiciamiento Civil, quedaría subsistente la prohibición de fabricar la casa en cuestión sin resolver la apelación, lo que no resulta académico para el apelante.

El demandado alegó en la corte inferior como excepción previa a la petición de *injunction* que ésta no aduce hechos determinantes de causa de acción porque no expresa

que los perjuicios alegados son irreparables y porque la ordenanza en que se funda es nula por ser anticonstitucional, y el primer motivo de su apelación es que fué error de la corte el haber desestimado dicha excepción previa.

Con respecto a que la petición es insuficiente por no alegar que los perjuicios son irreparables nada tenemos que decir porque el municipio enmendó su petición de acuerdo con los deseos del demandado.

En cuanto al otro motivo de la excepción lo funda el apelante en que la ordenanza cuyo incumplimiento sirve de base a la petición de *injunction* no alega que el Municipio ha cumplido con el Reglamento de Sanidad No. 72 sobre urbanización de terrenos en esta Isla, al cual, según el apelante, deben atemperarse las urbanizaciones que hagan los municipios para la demarcación de las zonas urbanas; pero si los municipios deben atemperarse a ese Reglamento entonces, no apareciendo de la demanda nada en contrario, surge la presunción de que cumplió con ese deber.

■■■ También dice el apelante que la ordenanza aludida es nula y anticonstitucional porque trata de poner en ejecución un acto de expropiación forzosa sin el debido procedimiento de ley.

No aparece de la demanda que el municipio trate de apropiarse el espacio libre que requiere quede a cada lado de la casa para sí ni para el público en general sino solamente que quede sin fabricación. El apelante nos cita el caso de *El Municipio de Ponce contra Vendrell,* 28, D.P.R. 329, pero no tiene aplicación al presente porque en aquél perdía el dueño del solar parte de su propiedad para convertirse en acera del uso público de la comunidad por disponer la ordenanza que al construir la casa en esquina debería hacer en ella un chaflán, perdiendo así un triángulo de su terreno, mientras que en el caso presente lo único que hace la ordenanza es regular el uso de la propiedad, sin que el dueño pierda su dominio. Es más, en ese caso, en la página 335 se dice que un estatuto u ordenanza no resulta anticonsti-

tucional por el mero hecho de que los derechos privados de personas o de la propiedad estén sujetos a restricciones.

En este caso no se trata de expropiación porque no se toman al demandado los dos metros a cada lado de la casa que ha de construir para uso público; es sólo una ordenanza de regulación de la propiedad para lo que está facultado el municipio por la ley que le concede el derecho de reglamentar las construcciones en beneficio del público. Que un municipio puede promulgar ordenanzas regulando la construcción de edificios, la altura que deban tener, el espacio libre de construcción que han de dejar y para no permitir la construcción de edificios de madera en beneficio de la salud, bienestar y seguridad de sus vecinos es cosa resuelta en muchas decisiones como puede verse en los casos de *Des Moines* v. *Manhattan Oil Co.*, 23 A.L.R. 1323 y de *Wulfsohn v. Burden,* 43 A.L.R. 652. Todas las presunciones están en favor de la razonabilidad en esa clase de ordenanzas y deben subsistir si nada aparece en contrario de la faz de la ordenanza o de las pruebas. Des Moines, *supra.* Por consiguiente no cometió la corte inferior el primer error alegado.

En el segundo se dice que hubo error manifiesto en la apreciación de las pruebas y en haber sido aceptadas la opinión del alcalde y la del secretario para determinar el propósito de la ordenanza.

La prueba demostró la existencia de la ordenanza que es base de la petición de *injunction:* que el demandado solicitó permiso de la asamblea municipal para construir una casa de maderas en un solar radicado en la zona urbana: que presentó el plano de la casa y un croquis de su solar cuya forma es un trapecio cuya base mayor está en la línea de la calle y la menor al fondo de su solar: que el permiso para construir le fué concedido con la condición de que dejase libre a cada lado lateral de la casa los dos metros reglamentarios: y que si bien la casa que empezó a construir deja ese espacio libre contiguo a la calle tiene menos de dos metros en su longitud porque ésta disminuye por la forma

del solar. Con tales hechos no existe error en la apreciación de la prueba.

En cuanto al otro extremo de que se permitió que el alcalde y el secretario declarasen sobre el propósito de la ordenanza tenemos que decir que esas declaraciones no se refirieron al propósito de la ordenanza sino a hechos que le constaban respecto a incendios que ha habido en dicho pueblo y a la dificultad que hubo para extinguirlos por falta de espacio entre las casas para combatir el fuego en aquella población carente de acueducto y de bomberos. Además, aunque esas declaraciones hubieran tenido el propósito que dice el apelante, él no se puso a ellas ni tomó excepción contra la admisión de esa prueba.

El tercer motivo del recurso es consecuencia de los otros dos, pues se refiere a que hubo manifiesto error al dictar la sentencia apelada, que es contraria a derecho y a la evidencia practicada en este caso. Puesto que hemos declarado que el municipio tiene facultad para haber promulgado esa ordenanza regulando la construcción de casas en la zona urbana, decretando que se deje entre ellas y el límite del solar por cada lado, menos por la fachada, un espacio libre de dos metros: que eso no es una expropiación forzosa y que el apelante no cumplió con esa disposición de la ordenanza, no podemos declarar que existe dicho motivo de error.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Texidor no intervino.